742

**David G. BARROWS, Plaintiff,**

v.

**Lawrence S. MARGOLIS et al.,
Defendants.**

**Civ. A. No. 74-1427.**

United States District Court,
District of Columbia.

Jan. 8, 1975.

Harry J. Fulton, Public Defender Service, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Arnold T. Aikens, John R. Dugan, Asst. U. S. Attys., Washington, D. C., for defendants.

Before ROBINSON, Circuit Judge, and SMITH and GREEN, District Judges.

OPINION

This case is before the Court on Cross-Motions for Summary Judgment.* Since the facts of this case and the issues raised are substantially parallel to those in Medynski v. Margolis, 389 F. Supp. 743 (D.D.C.1975), the two cases have been considered together.

Plaintiff David Barrows alleges, as did Elsie Medynski, that the procedure for involuntary detention and commitment of mentally ill persons pursuant to 21 D.C.Code § 901 et seq. (Mentally Ill Persons Found in Certain Federal Reservations), is violative of due process and equal protection under the Fifth Amendment. Plaintiff was detained pursuant to 21 D.C.Code § 901, et seq., on a federal reservation, Dulles International Airport in Loudoun County, Virginia. In conformity with the Act, plaintiff was detained at St. Elizabeths Hospital pending a hearing which resulted in plaintiff's commitment to the Hospital for a 30-day observation period pursuant to 21 D.C.Code § 902. On October 10, 1974, plaintiff was released to make his own arrangements for additional psychiatric care.

On the basis of the analysis of facts and the conclusions of law which this Court has set forth in *Medynski*, we would deny plaintiff's Motion for Preliminary Injunction and grant defendants' Motion for Summary Judgment, pursuant to 28 U.S.C. § 2284.

Circuit Judge Spottswood W. Robinson, III would dissolve the three-judge

---

* This matter first came as requests for a Temporary Restraining Order, a Motion for Preliminary Injunction and an application for a three-judge court, accompanied by a Motion to consolidate this with the *Medynski* case. On September 30, 1974, Judge John

H. Pratt denied the Temporary Restraining Order, and Chief Judge David Bazelon of the United States Court of Appeals for the District of Columbia Circuit, on October 4, 1974, empaneled this three-judge court.

court and leave this case for single judge disposition, as more fully set forth in his dissenting opinion.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge (dissenting):

Plaintiff Barrows' complaint is substantially similar to the complaint in Medynski v. Margolis,[1] decided today. It is my view that *Medynski* is saved from dismissal for mootness only because of its class action character. If *Medynski* were an individual action, I would conclude that the speculative possibility that Ms. Medynski might again be believed to be suffering from mental illness while on federal property embraced by the Federal Reservation Act[2] would not be enough to bring it within the compass of the continuing-controversy exception to the mootness doctrine.

The instant case is not framed as a class action and, unlike *Medynski*, there is no indication that it was intended as one. In my view, then, as an individual effort Barrows' case is moot. Defendants argue that Barrows' presence in the metropolitan area of the District of Columbia, as opposed to Ms. Medynski's return to Canada, establishes a likelihood of future medical problems and warrants a finding that the constitutional controversy endures. Even if there were a sound basis for the assumed likelihood of future mental illness, I think the probability that Barrows would again be identified as its victim while on property covered by the Act is too remote to remove that contingency from the realm of speculation.

I would, accordingly, hold that this litigation is moot and, following Gonzalez v. Automatic Employees Credit Union,[3] would dissolve this three-judge court and leave the case for single-judge disposition.

1.  389 F.Supp. 743 (D.D.C.)

2.  Act of Oct. 11, 1949, ch. 672, 63 Stat. 759, as amended, D.C.Code § 21–901 et seq. (1973).

3.  419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974).